Erik Strindberg (Bar No. 4154)
Ralph Chamness (Bar No. 6511)
Erika Birch (Bar No. 10044)
**STRINDBERG SCHOLNICK & CHAMNESS, LLC**
44 Exchange Place, 2nd Floor
Salt Lake City, UT 84111
Telephone:  (801) 359-4169
Attorneys for Plaintiff

---

## UNITED STATES DISTRICT COURT
### DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **KRYSTAL S. ETSITTY**<br><br>Plaintiff,<br><br>vs.<br><br>**UTAH TRANSIT AUTHORITY** and **BETTY SHIRLEY**, in her individual and official capacities,<br><br>Defendants. | **COMPLAINT**<br>**(Jury Demand)**<br><br>Judge David Sam<br>DECK TYPE: Civil<br>DATE STAMP: 07/02/2004 @ 15:39:25<br>CASE NUMBER: 2:04CV00616  DS |

Plaintiff, Krystal S. Etsitty, f/k/a Michael R. Etsitty ("Etsitty" or "Plaintiff"), by and through

the undersigned counsel, hereby complains against Defendants Utah Transit Authority ("UTA") and

Betty Shirley ("Shirley") as follows:

### NATURE OF CASE

Plaintiff alleges a claim pursuant to Title VII of the Civil Rights Act of 1964, as amended,

42 U.S.C. § 2000e *et seq*. ("Title VII") for sex stereotyping and gender discrimination.  Plaintiff also

asserts claims pursuant to the Civil Rights Act of 1870, 42 U.S.C. § 1983 alleging that Defendants

unlawfully violated the Fifth and Fourteenth Amendments to the U.S. Constitution.

1

## PARTIES

1.      Plaintiff was born a biological male on February 19, 1963.  In the late 1990s, Plaintiff started psychological and physical treatments associated with changing his sex to female.  Plaintiff changed his name from Michael R. Etsitty to Krystal S. Etsitty in January of 1999.[1]  Plaintiff, under the direction of a physician, also began hormone therapy.  Plaintiff resides in the State of Utah.  Plaintiff was an "employee" of UTA, within the meaning of Title VII, at all relevant times.

2.      Defendant UTA is a public transit district organized pursuant to the Utah Public Transit District Act, U.C.A. §17A-2-1001, *et seq.*   UTA is a governmental entity.

3.      At all relevant times, UTA was Plaintiff's "employer" within the meaning of Title VII.

4.      Defendant Shirley was an Operations Manager for UTA and was responsible for firing Plaintiff.

## JURISDICTION AND VENUE

5.      Subject matter jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331 and 1343, in that this action arises under federal law, specifically Title VII and the Civil Rights Act of 1870, and 42 U.S.C. § 1983.

6.      The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Central Division of Utah.  Thus, venue is proper pursuant to 42 U.S.C. § 2000e-5(f) and 28 U.S.C. § 1391.

---

[1]  In this Complaint we refer to Plaintiff using male pronouns as opposed to female pronouns since Plaintiff's claims are based upon his biological sex as further described below.

7.      Plaintiff has fulfilled all conditions precedent under Title VII prior to instituting this lawsuit, as necessary, and has otherwise exhausted his administrative remedies.

8.      In addition, Plaintiff filed a timely charge of sex discrimination with the Utah Anti-Discrimination & Labor Division and the Equal Employment Opportunity Commission and received a Notice of Right to Sue on or about April 8, 2004. See attached Exhibits 1 & 2.

9.      Plaintiff commenced this action within 90 days of receipt of

## GENERAL FACTUAL ALLEGATIONS

10.      Plaintiff was born a biological male on February 19, 1963.

11.      Plaintiff, who considers himself a pre-operative transsexual, decided to begin a transition to become a female, which he considers to be his true sexual identity, in the late 1990s.

12.      As part of this transition, Plaintiff changed his name from Michael to Krystal in January of 1999. He also underwent medical care and has been on hormone therapy to further his transition.

13.      Plaintiff has been diagnosed with Gender Identity Disorder.

14.      Sometime in 2001, Plaintiff applied for a job with UTA. On the application, Plaintiff put down "Krystal Etsitty" as his name.

15.      Plaintiff was interviewed for the position by the Operations Manager. At the time of his interview, Plaintiff had medium length hair, he wore minimal make-up, and was dressed in gender-neutral clothes (a pair of khakis and a shirt).

16.      During the interview, Plaintiff was asked if he preferred to be called Michael, his former name and the name that was still on his social security card. Plaintiff said that most of his old friends still called him "Mike," which would be fine.

17.     Plaintiff was hired and began working for UTA as a bus driver on or about December 6, 2001.

18.     Plaintiff was in training for several weeks.  During training he wore a UTA bus uniform which was essentially the same for women and men.  When he was asked by his trainer what name he would like to be put on his badge, he said Krystal.

19.     Plaintiff eventually confided in his Supervisor, Pat Chaterten, that he was a transsexual and in the process of changing his sex from male to female.  Chaterten seemed to be supportive of Plaintiff.  They discussed the fact that Plaintiff wanted to slowly transition into appearing to be more feminine at work, i.e., to start to wear more make-up, etc.

20.     Slowly, Plaintiff started wearing more make-up such as eye-liner, mascara and lip-gloss.  Plaintiff also wore acrylic finger nails and the name patch which said "Krystal."

21.     Upon information and belief, sometime in early February 2002, Shirley heard that Plaintiff had been wearing make-up to work.

22.     Upon information and belief, Shriley asked Plaintiff's supervisor about the rumor. Chaterten confirmed that the rumor was true and informed upper management about Plaintiff's intentions of have a sex change operation.

23.     Shortly after upper management made this discovery, Plaintiff was called into a meeting with Shirley and Human Resource Generalist Bruce Cardon ("Cardon").  They told him that he had to resign or be fired, because he looked like a female and they were afraid of what the public and other UTA employees might think.  They also expressed concern regarding which restrooms Plaintiff could use – male or female.

24.     Plaintiff explained that he never had to use the restrooms at the UTA facilities because he was always out driving the buses and that he usually just used the TRAX restrooms which were unisex, or restrooms at local restaurants, hotels, or convenience stores.

25.     Shirley and Cardon told Plaintiff that they were unable to "accommodate" him and Plaintiff was forced out of his position on or about February 19, 2002.

26.     After being terminated, Plaintiff filed a charge of gender discrimination with the Utah Anti-Discrimination & Labor Commission and the Equal Employment Opportunity Commission.

27.     In July 2003, the EEOC found reasonable cause to believe that Plaintiff had been discriminated against because of his sex. See Attached Exhibit 3.  In March 2004, the EEOC referred Plaintiff's charge to the U.S. Department of Justice to determine whether the DOJ would sue on his behalf.

28.     Thereafter, the DOJ sent Plaintiff a Notice of Right to Sue dated April 8, 2004.

### FIRST CAUSE OF ACTION
### (Gender Discrimination in Violation of Title VII)

29.     Plaintiff realleges and incorporates by reference paragraphs 1-28 as set forth above.

30.     At all times relevant hereto, Plaintiff was qualified for the position and had been performing satisfactorily.

31.      UTA  terminated Plaintiff because he failed to conform to their expectations of stereotypical male behavior by engaging in gender non-conforming conduct, and/or because he was a transsexual.

32.     Plaintiff suffered an adverse employment action when he was terminated from his job as a bus operator at UTA on or about February 19, 2002.

33.     Plaintiff was treated differently from other males because of his gender non-conforming conduct and/or because of his identification as a transsexual.

34.     UTA's conduct violates Title VII of the Civil Rights Act of 1964.

35.     As a result of the Defendants' actions, Plaintiff has suffered, and will continue to suffer, both economic and non-economic loss, including, but not limited to: loss of wages and future pecuniary losses, emotional distress, and other compensatory damages.

36.     Because UTA's actions were done either with malice or with reckless indifference to Plaintiff's rights under law and Plaintiff is also entitled to recover punitive damages.

37.     Plaintiff is also entitled, under 42 U.S.C. § 1988, to recover attorney fees and costs incurred in pursuing this claim.

## SECOND CAUSE OF ACTION
### (Gender Discrimination in Violation of Equal Protection Clause of the U.S. Constitution)

38.     Plaintiff realleges and incorporates paragraphs 1 through 37 as set forth above.

39.     Defendant UTA is a governmental entity and Defendant Shirley is a high-ranking official who worked for UTA.

40.     At all times, both Defendants acted under color of state law when committing the acts complained of.

41.     Plaintiff is a biological male who is a transsexual and who engages in non-conforming gender conduct, and is therefore a member of a protected class under the Equal Protection Clause of the United States Constitution, Amendment XIV, which is applied to the states through the Fifth Amendment's Due Process Clause.

42.     As outlined above, and incorporated herein, Defendants purposefully and intentionally discriminated against Plaintiff based upon his gender non-conforming conduct and because of his identification as a transsexual.

43.     Defendants' conduct violated clearly established constitutional rights of equal protection of which a reasonable person would have known.

44.     As a result of the Defendants' actions, Plaintiff has suffered, and will continue to suffer, both economic and non-economic loss, including, but not limited to: loss of wages and benefits, future pecuniary losses, emotional distress, and other compensatory damages.

45.     Any actions or omissions of Defendants set forth above were done maliciously and/or in reckless disregard of Plaintiff's federally protected rights and Plaintiff is therefore entitled to punitive damages.

46.     Plaintiff is also entitled, under 42 U.S.C. § 1988, to recover attorney fees and costs incurred in pursuing her claims.

## JURY TRIAL

47.     Plaintiff hereby requests a jury trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in his favor and against Defendants, and award the following relief:

a.     Back pay, in amounts to be determined at trial;

b.     Emotional distress and punitive damages;

c.     Compensatory and consequential damages;

d.     Front pay, in lieu of reinstatement;

e.     Injunctive and/or declaratory relief;

f.      Pre-judgment and post-judgment interest at the highest lawful rate;

g.      Attorneys' fees and costs of this action, including expert witness fees, as

        appropriate;

h.      That Defendants be enjoined and restrained from engaging in further discriminatory

        conduct; and,

I.      Any such further relief as justice allows.


DATED this _2ⁿᵈ_ day of _July_, 2004.

                        STRINDBERG SCHOLNICK & CHAMNESS, LLC


                        Erik Strindberg
                        Erika Birch
                        Attorneys for Plaintiff




PLAINTIFF'S ADDRESS:
Krystal S. Etsitty
6694 South 2700 West
West Jordan, Utah 84084

# Exhibits/ Attachments to this document have **not** been scanned.

# Please see the case file.